**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | | |
|---|---|---|
| JAMAAL A. HAMEEN, | | |
| Petitioner, | | CIVIL ACTION NO.: 2:25-cv-38 |
| v. | | |
| H.L. RAY, | | |
| Respondent. | | |

## <u>ORDER AND REPORT AND RECOMMENDATION</u>

Petitioner Jamaal Hameen ("Hameen"), who is currently incarcerated at the Federal Correctional Institution-Low in Jesup, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus.  Doc. 1.  Respondent filed a Motion to Dismiss Hameen's Petition, and Hameen filed a Response, as supplemented.  Docs. 11, 14, 18.  Hameen also filed a Motion for Hearing, to which Respondent filed a Response.  Docs. 15, 16.  Hameen filed a Motion to Strike Respondent's submission at Docket Number 16, doc. 17, which is Respondent's Reply in support of his Motion to Dismiss and Response to Hameen's Motion for Hearing.  Hameen also filed a Motion for Summary Judgment, and Respondent filed a Response; Hameen filed a Reply. Docs. 21, 23, 24.[1]

For the following reasons, I **RECOMMEND** the Court **GRANT in part** and **DENY in part** Respondent's Motion to Dismiss, **DISMISS without prejudice** Hameen's FSA claims based on his failure to exhaust his administrative remedies, **DISMISS as premature** Hameen's

---

[1]    The Honorable Lisa Godbey Wood consolidated another of Hameen's causes of action into this cause of action.  Doc. 27.

Second Chance Act claims, and **DENY** Hameen's Motion for Summary Judgment.[2]  I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Hameen *in forma pauperis* status on appeal.  I **DENY** Hameen's Motion to Strike and his Motion for Hearing.[3]  Docs. 15, 17.

**BACKGROUND**

Hameen was convicted in the Middle District of Florida of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  Doc. 11-1 at 7.  Hameen was sentenced to 180 months in prison.  Hameen has a statutory release date of November 19, 2030, via good conduct release, and a projected release date of November 19, 2029, via First Step Act ("FSA") release.  Id.  Hameen is eligible for home detention on May 19, 2029.  Id.

In his Petition, Hameen asserts that the Bureau of Prisons ("BOP") has not properly applied 1,800 accrued program days under the First Step Act ("FSA") and has not effectuated his conditional transition to community placement date of September 6, 2026.  Doc. 1 at 2.  Hameen contends the BOP has violated his right to due process under the FSA and the Second Chance Act ("SCA") by improper application of these Acts.  Id. at 6–8.  Hameen contends this improper application will result in him staying in prison beyond his conditional community placement date.  Id. at 8.

Respondent asks this Court to dismiss Hameen's Petition because Hameen failed to exhaust his administrative remedies regarding the claims he raises in this Petition.  Doc. 11 at 4, 8–10.  Respondent states that Hameen's SCA claims are premature and not ready for

---

[2]    I note that Hameen's Motion for Summary Judgment is a threadbare restatement of arguments he made in his Petitioner and elsewhere.

[3]    The Court notes Hameen's offer to voluntarily dismiss his Petition if Respondent will give him the relief he wants.  Doc. 31.

2

adjudication.  Id. at 4–8.  Respondent also states that this Court lacks jurisdiction to review housing decisions and Hameen has no protected liberty interest in FSA credits.  Id. at 10–15. Finally, Respondent states that the BOP correctly calculated Hameen's time credits.  Id. at 15–16.

## DISCUSSION

### I.    Hameen's Second Chance Act Claims Are Premature

Respondent states that no decision has been made regarding Hameen's potential placement under the SCA, and the earliest Hameen could possibly transfer would be in September 2026.  Doc. 11 at 7–8.  Thus, Respondent asserts that Hameen's SCA claims are not ripe for review until after Hameen's placement decision is made.  Id. at 8.  Hameen makes ambiguous statements about his SCA claim in his Response—suggesting that his FSA conditional placement date should have been earlier—but he does not directly address the argument Respondent makes.[4]  Doc. 14 at 5.

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'"  Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014).  This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations." Id.  There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement."  Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted).  "The [ripeness] doctrine seeks to avoid entangling courts in the hazards of premature adjudication."  Shorter v.

---

[4]      I note that Hameen's submissions are, at times, difficult to follow and are largely based on fundamental misunderstandings of the relevant statutes.  Nonetheless, I have worked to decipher the submissions and give Hameen the benefit of liberally construing his pro se filings.

Warden, 803 F. App'x 332, 335 (11th Cir. 2020) (internal citation omitted) (alteration in original).

Hameen's SCA claims are not ripe for review because the BOP has made no placement decision based on the SCA. Thus, the Court should **GRANT** this portion of Respondent's Motion and dismiss without prejudice Hameen's SCA claims.

**II.    Respondent Fails to Show That This Court Lacks Jurisdiction Under the APA to Review Hameen's FSA Claims**

Hameen contends that the BOP has refused to apply his accrued program days, as the FSA provides and mandates. Doc. 1 at 7, 11–13. Hameen states he is eligible to have earned FSA credits, but the BOP has incorrectly calculated his accrued credits. Doc. 14 at 3, 7.

Respondent maintains that the Administrative Procedures Act ("APA") bars this Court's review of Hameen's FSA claims. Doc. 11 at 10. Respondent characterizes Hameen's claim as being a complaint about the location at which the BOP has chosen to place him. Id. at 10–11.

Under the APA, a petitioner may use habeas corpus to challenge a BOP action. See 5 U.S.C. § 703. However, in 18 U.S.C. § 3625, Congress specified the provisions of the APA governing judicial review, §§ 701–06, were inapplicable to "the making of any determination, decision, or order under" any provision of 18 U.S.C. §§ 3621 to 3626. The Eleventh Circuit has explained § 3625 expressly precludes judicial review of agency adjudicative decisions but not rulemaking decisions, and courts generally lack jurisdiction because of § 3625 even in a § 2241 habeas action. Cook v. Wiley, 208 F.3d 1314, 1319 (11th Cir. 2000); see also Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011) ("To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to [Title 18, Chapter 229, Subchapter C] would be inconsistent with the language of 18 U.S.C. § 3625."); Martin v. Gerlinski, 133 F.3d 1076, 1079 (8th Cir. 1998) ("[I]t is apparent that § 3625 precludes

judicial review of agency adjudicative decisions but not of rulemaking decisions.").  Where

Congress precludes judicial review of an agency decision by statute, judicial review of that

decision is limited to whether the agency acted outside its statutory limits or violated the

Constitution.  See Webster v. Doe, 486 U.S. 592, 597, 603 (1988); Santiago-Lebron v. Fla.

Parole Comm'n, 767 F. Supp. 2d 1340, 1351 (S.D. Fla. 2011); Paradis v. Keller, 2011 WL

2790480, *4 n.3 (N.D. Ga. June 13, 2011); Klatch v. Rathman, No. 1:13-CV-01452, 2014 WL

537021, at *11 (N.D. Ala. Feb. 10, 2014); see also Rodriguez v. Johns, Civil Action No. 5:17-cv-

134, 2018 WL 4102854, at *2–3 (S.D. Ga. July 26, 2018), adopted by, 2018 WL 4100695 (S.D.

Ga. Aug. 28, 2018).

Hameen's FSA claim is that the BOP is not following the mandatory language of the

FSA.  Accordingly, Hameen's claim is one that falls outside of the BOP's discretionary acts and

is, therefore, subject to judicial review.  Torres v. Jenkins, Civil Action No. 1:23-cv-2885, 2024

WL 6473642, at *3 (N.D. Ga. May 1, 2024) (recognizing § 3625 precludes judicial review of the

BOP's discretionary determinations but noting the Eleventh Circuit has indicated a court can

review a petitioner's claim that the BOP's interpretation of a statute is unreasonable and

constitutional claims, despite the language of § 3625); see also Briones-Pereyra v. Warden, Case

No. 1:23-cv-01718, 2024 WL 4141380, at *2 (E.D. Cal. Sept. 12, 2024) ("Although a district

court has no jurisdiction over discretionary designation decisions, it does have jurisdiction to

decide whether the [BOP] acted contrary to established federal law, violated the Constitution, or

*exceeded its statutory authority* when it acted pursuant to 18 U.S.C. § 3621." (emphasis in

original) (quoting Rodriguez v. Copenhaver, 823 F.3d 1238, 1242 (9th Cir. 2016)); Woodley v.

Warden, USP Leavenworth, Case No. 24-3053, 2024 WL 2260904, at *2–4 (D. Kan. May 15,

2024) (reviewing relative merits of petitioner's FSA claims under 18 U.S.C. §§ 3624 and 3632 without mention of APA).

To be sure, Hameen's contention is more than a simple request that he be placed in a specific location.[5]  Instead, Hameen contends that the BOP has not followed the mandatory language of the FSA and, as a result, he has not been placed in pre-release custody, as § 3624(g) and § 3632 require, even though he is "eligible."  See Woodley, 2024 WL 2260904, at *4 (noting, while the FSA requires transfer to pre-release custody for eligible prisoners, the BOP retains the discretion to decide the particular placement or facility); Williams v. Warden, FCI Berlin, 793 F. Supp. 3d 412, 418–19 (D.N.H. 2025) (citing Woodley favorably for the position the BOP does not have discretion to delay or refuse transfer of an eligible prisoner to pre-release custody).

Because Respondent has not shown that the APA precludes judicial review of Hameen's FSA claim, the Court should also **DENY** this portion of Respondent's Motion.  However, as discussed in the following Section, Hameen did not exhaust his available administrative remedies prior to filing his Petition, even though the BOP could provide his requested relief, i.e., the BOP could recalculate his credits and set him for pre-release placement, if necessary.[6]

---

[5]     Respondent is correct that the Court does not have jurisdiction under the APA to review the specific location of a prisoner's incarceration.

[6]     Because Hameen did not exhaust his administrative remedies, the Court declines to wade into whether the BOP correctly applied his credits or the relevant statutes or whether Hameen has a protected liberty interest in earned time credits.  The Court has discussed the APA only to show that the APA does not bar this Court's review of Hameen's claims.

### III. Hameen Did Not Exhaust His Available Administrative Remedies on His FSA Claims

Respondent asserts that the BOP has no record of Hameen filing any formal administrative remedy request concerning the time credit and pre-release custody issues he raises in his Petition.  Doc. 11 at 9.  Respondent states that Hameen concedes that he did not exhaust his administrative remedies but notes that Hameen contends exhaustion be a futile gesture since the Warden did not respond to Hameen's request to staff.  Id. (citing Doc. 1 at 3).  Respondent also states that if the informal process was insufficient, Hameen was required to submit a formal administrative remedy request at the institutional level (BP-9).  Id.  Because Hameen failed to complete the administrative remedies process and does not satisfy any futility exception, Respondent asserts Hameen's Petition should be dismissed.  Id. at 10.

Hameen states that he filed an informal request to staff (BP-8) on November 18, 2024, by submitting his BP-8 to the case management coordinator.  Doc. 14 at 2.  Hameen contends he did not receive a response to his BP-8, so he filed his § 2241 Petition, stating that the lack of response "would strongly suggest . . . that administrative relief [is] unavailable."  Id. at 3.  Hameen also states the Unit Counselor "will not give an inmate a BP-9 form without a BP-8 form with a denial."  Id. at 4.  In his Petition, Hameen states that he did not file any administrative remedies because the unit manager refused to address his claims and the Warden did not respond within 30 days, so he "realized that the administrative remedy process would be a futile gesture."  Doc. 1 at 2–3.  Hameen offers nothing more regarding Respondent's exhaustion argument.  See Docs. 1, 14, 18.

#### A. Generally, a Petitioner Must Fully Exhaust All Available Administrative Remedies Before Filing a § 2241 Petition

The Eleventh Circuit Court of Appeals has held a § 2241 petitioner's failure to exhaust administrative remedies is not a jurisdictional defect.  Santiago-Lugo v. Warden, 785 F.3d 467,

7

474 (11th Cir. 2015); see also Fleming v. Warden of FCI Tallahassee, 631 F. App'x 840, 842 (11th Cir. 2015) ("[Section] 2241's exhaustion requirement was judicially imposed, not congressionally mandated, and . . . nothing in the statute itself support[s] the conclusion that the requirement [is] jurisdictional."). Nevertheless, the Eleventh Circuit has noted "the exhaustion requirement [is] still a requirement and that courts cannot 'disregard a failure to exhaust . . . .'" Fleming, 631 F. App'x at 842 (citing Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015)).

Exhaustion of administrative remedies must occur first in the agency setting to allow "the agency [to] develop the necessary factual background upon which decisions should be based" and to give "the agency a chance to discover and correct its own errors." Green v. Sec'y for Dep't of Corr., 212 F. App'x 869, 871 (11th Cir. 2006) (quoting Alexander v. Hawk, 159 F.3d 1321, 1327 (11th Cir. 1998) (first alteration in original)). Furthermore, requiring exhaustion in the prison setting "eliminate[s] unwarranted federal-court interference with the administration of prisons" and allows "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Woodford v. Ngo, 548 U.S. 81, 93 (2006).[7]

The United States Supreme Court has noted exhaustion must be "proper." Id. at 92. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90–91. In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007).

---

[7] Although Woodford was a civil rights suit rather than a habeas petition, the Court "noted that the requirement of exhaustion is imposed by *administrative law* in order to ensure that the agency addresses the issues on the merits." Fulgengio v. Wells, CV309-26, 2009 WL 3201800, at *4 (S.D. Ga. Oct. 6, 2009) (emphasis in original) (quoting Woodford, 548 U.S. at 90) (internal punctuation omitted). Thus, exhaustion requirements are applicable to habeas petitions.

The Eleventh Circuit has explained—though only in an unpublished opinion—that a

§ 2241 petitioner need only exhaust "available" administrative remedies. Blevins v. FCI

Hazelton Warden, 819 F. App'x 853, 856 (11th Cir. 2020) (citing Ross v. Blake, 578 U.S. 632

(2016)). As a result, a petitioner need not exhaust administrative remedies:

> (1) where despite what regulations or guidance materials may promise, the
> administrative process operates as a simple dead end—with officers unable or
> consistently unwilling to provide any relief to aggrieved inmates, (2) where the
> administrative process is "so opaque that it becomes, practically speaking,
> incapable of use" because "no ordinary prisoner can discern or navigate it, and
> (3) where prison administrators thwart inmates from taking advantage of a
> grievance process through machination, misrepresentation, or intimidation.

Id. (cleaned up); see also Parra-Orona v. Jenkins, No. 1:23-CV-2434, 2024 WL 6083897, at *2

(N.D. Ga. Jan. 16, 2024) (citing Blevins and evaluating the unavailability of administrative

remedies in the § 2241 context), adopted by, 2024 WL 6083898 (N.D. Ga. Mar. 26, 2024);

Ridling v. Yeager, No. 1:24-CV-01785, 2025 WL 1892707, at *3 (N.D. Ala. June 13, 2025)

(same), adopted by, 2025 WL 1885636 (N.D. Ala. July 8, 2025).

Although a petitioner must ordinarily exhaust administrative remedies before filing a

§ 2241 petition, there are some circumstances where exhaustion may be excused. In McCarthy

v. Madigan, the Supreme Court recognized "three broad sets of circumstances" that may justify

excusing a claimant from exhausting administrative remedies: (1) when "requiring resort to the

administrative remedy may occasion undue prejudice to subsequent assertion of a court action";

(2) when there is "some doubt as to whether the agency was empowered to grant effective

relief"; and (3) when "the administrative body is shown to be biased or has otherwise

predetermined the issue before it . . . ." 503 U.S. 140, 146–48 (1992) (internal quotation marks

omitted), superseded by statute, 42 U.S.C. § 1997e(a). The Eleventh Circuit has not spoken

directly on whether exhaustion can be excused in the § 2241 context under the three McCarthy

circumstances but, in an unpublished opinion, has suggested it can be. See Shorter v. Warden,

803 F. App'x 332, 336 (11th Cir. 2020) (suggesting McCarthy should be applied to § 2241 petitions). District courts in this Circuit have similarly applied McCarthy in the § 2241 context. See, e.g., Wilson v. Sawyer, No. 4:20-CV-00326, 2020 WL 7346550, at *2 (N.D. Fla. Nov. 13, 2020), adopted by, 2020 WL 7342656 (N.D. Fla. Dec. 14, 2020); Robelo-Galo v. Janson, No. 1:24-CV-00931, 2025 WL 2093409, at *1 (N.D. Ga. Feb. 24, 2025), adopted by, 2025 WL 2093406 (N.D. Ga. Mar. 14, 2025).

There is some uncertainty about whether there is a "futility" exception to the exhaustion requirement for § 2241 petitioners. See Zapata-Molina v. Stone, No. CV 321-013, 2021 WL 2670725, at *2 (S.D. Ga. June 1, 2021) (noting it is unclear whether a futility exception exists in the § 2241 context), adopted by, 2021 WL 2673670 (S.D. Ga. June 29, 2021). McCarthy itself suggests that the second and third circumstances identified in that case encompass futility. See McCarthy, 503 U.S. at 148 (noting that where an agency is not empowered to grant effective relief, seeking application for administrative relief may be "utterly futile" and that where a decisionmaker has already concluded rules were valid, seeking administrative remedies that would present same challenge to the same decisionmaker would be a "futile act"). Additionally, in Shorter, the Eleventh Circuit suggested that the petitioner's futility argument related to one of the three McCarthy circumstances. 803 F. App'x 336. District courts applying McCarthy have also recognized that the McCarthy circumstances likely encompass some futility exception. See, e.g., Jones v. Zenk, 495 F. Supp. 2d 1289, 1299–1300 (N.D. Ga. 2007) ("[T]he exceptions recognized in McCarthy, including the futility exception, apply to the exhaustion requirement in § 2241 cases."); Robelo-Galo, 2025 WL 2093409, at *2.

Thus, to the extent a petitioner demonstrates futility by showing the existence of one of the three circumstances described in McCarthy, a court may excuse the exhaustion requirement.

There does not, however, appear to be any separate, independent futility exception, outside of the three McCarthy circumstances.[8]  Where a petitioner relies on futility, the petitioner has the burden to demonstrate futility and "extraordinary circumstances." Jaimes v. United States, 168 F. App'x 356, 359 & n.4 (11th Cir. 2006).  The Eleventh Circuit has noted "a petitioner need not exhaust his administrative remedies 'where the administrative remedy will not provide relief commensurate with the claim.'" Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001) (quoting Haitian Refugee Ctr., Inc. v. Nelson, 872 F.2d 1555, 1561 (11th Cir. 1989)), abrogation on other grounds recognized by Santiago-Lugo, 785 F.3d at 475 n.5.

**B.     Legal Framework for Evaluating a Motion to Dismiss for Failure to Exhaust Administrative Remedies**

"Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because exhaustion "ordinarily does not deal with the merits" of a particular cause of action.  Bryant, 530 F.3d at 1374 (internal punctuation and citation omitted).  Further, a judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court.  Id.  In these instances, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Id. at 1376.

---

[8]     In McGee v. Warden, FDC Miami, the Eleventh Circuit expressly concluded that there is no futility exception to the exhaustion requirement for § 2241 petitions.  487 F. App'x 516, 518 (11th Cir. 2012).  However, that conclusion was based on a view that exhaustion was a jurisdictional requirement, which was later rejected.  Therefore, the conclusion about a futility requirement expressed in McGee is likely no longer correct.  See Straughter v. Warden, FCC Coleman-Low, 699 F. Supp. 3d 1304, 1308 (M.D. Fla. 2023) (explaining that the conclusion in McGee likely did not survive Santiago-Lugo v. Warden, 785 F.3d 467, 474 (11th Cir. 2015)).

Some courts have continued to state there is no futility exception to the exhaustion requirement for § 2241 petitioners.  See, e.g., Martinez-Palmero v. Jenkins, No. 1:23-CV-2763, 2023 WL 12119160, at *2 (N.D. Ga. Nov. 17, 2023), adopted by, 2024 WL 6081629 (N.D. Ga. Feb. 27, 2024); Moore v. Colon, No. 20-22032, 2020 WL 5868179, at *4 (S.D. Fla. July 27, 2020), adopted by, 2020 WL 5848687 (S.D. Fla. Sept. 30, 2020).  However, that view appears to be largely based on the language in McGee, which, after Santiago-Lupo, is likely no longer binding.

A respondent may raise an inmate-petitioner's failure to exhaust as an affirmative defense. See Jones, 549 U.S. at 216; Pearson v. Taylor, 665 F. App'x 858, 867 (11th Cir. 2016); Whatley I, 802 F.3d at 1209. When so raised, "[respondents] bear the burden of proving that the [petitioner] failed to exhaust his administrative remedies." Pearson, 665 F. App'x at 867 (quoting Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008)); see also Trevari v. Robert A. Deyton Det. Ctr., 729 F. App'x 748, 752; White v. Berger, 709 F. App'x 532, 541 (11th Cir. 2017); Dimanche v. Brown, 783 F.3d 1204, 1210 (11th Cir. 2015); Turner, 541 F.3d at 1082.

In Turner, the Eleventh Circuit laid out a two-part test for resolving motions to dismiss for failure to exhaust administrative remedies.[9] 541 F.3d at 1082. First, courts "look[] to the factual allegations in the [respondent's] motion to dismiss and those in the [petitioner's] response, and if they conflict, takes the [petitioner's] version of the facts as true." Id.; see also Bracero v. Sec'y, Fla. Dep't of Corr., No 17-14278, 2018 WL 3861351, at *1 (11th Cir. 2018). This prong of the Turner test assesses whether there is a genuine dispute of material fact regarding the [petitioner's] failure to exhaust. Glenn v. Smith, 706 F. App'x 561, 563–64 (11th Cir. 2017) (citing Turner, 541 F.3d at 1082); Pavao, 679 F. App'x at 824. "The court should dismiss [the action] if the facts as stated by the prisoner show a failure to exhaust." Abram, 759 F. App'x at 860 (quoting Whatley I, 802 F.3d at 1209); Turner, 541 F.3d at 1082 ("This process is analogous to judgment on the pleadings under Federal Rule of Civil Procedure 12(c).").

"If the complaint is not subject to dismissal at the first step, where the [petitioner's] allegations are assumed to be true, the court then proceeds to make specific findings in order to

---

[9]    Although Turner involved exhaustion requirements within the context of a 42 U.S.C. § 1983 action, it appears the two-step process set forth in Turner is no less applicable to a § 2241 proceeding. See McCoy v. Glidewell, Civil Action No. 4:11-cv-1683, 2012 WL 3716872, at *5 (D.S.C. June 18, 2012) (noting § 2241's exhaustion requirements and Turner's application of exhaustion standards to a § 2241 petition); Blevins v. FCI Hazelton Warden, 819 F. App'x at 856 (11th Cir. 2020) (applying Turner in the § 2241 context).

resolve the disputed factual issues related to exhaustion." Turner, 541 F.3d at 1082; see also Glenn, 706 F. App'x at 563–64; Pearson, 665 F. App'x at 867 ("At the second step, the court [is] permitted to make factual findings to resolve the issue of exhaustion."). After resolving the factual disputes, the court then decides whether, "based on those findings, [respondent has] shown a failure to exhaust." Bracero, 2018 WL 3861351, at *1 (quoting Whatley I, 802 F.3d at 1209). Once respondents have shown an administrative remedies procedure exists and the petitioner did not follow the procedure, the petitioner "bears the burden of proving the . . . procedure effectively was unavailable to him." Nuckles v. Yeager, Case No. 1:25-cv-00125, 2025 WL 1490057, at *4 (N.D. Ala. May 22, 2025) (referencing Geter v. Baldwin State Prison, 974 F.3d 1348, 1356 (11th Cir. 2020)).

Additionally, "[w]hen ruling on a motion to dismiss for failure to exhaust administrative remedies, the court may consider evidence outside the pleadings." Berger, 709 F. App'x at 541 n.4 (citing Bryant, 530 F.3d at 1376); Glenn, 706 F. App'x at 563–64; Singleton v. Dep't of Corr., 323 F. App'x 783, 785 (11th Cir. 2009) (citing Bryant, 530 F.3d at 1376) ("A district court may properly consider facts outside of the pleadings to resolve a factual dispute regarding exhaustion where the factual dispute does not decide the merits and the parties have a sufficient opportunity to develop the record."). However, if the issue of exhaustion is "intertwined with the merits of a claim that falls under the Seventh Amendment," parties are entitled to a jury trial on that issue and dismissal is not appropriate. Perttu v. Richards, 605 U.S. 460, 468 (2025).

### C.    The BOP's Administrative Remedies Procedures

The BOP has established an administrative remedy procedure through which an inmate may seek review of an issue related to any aspect of his imprisonment. 28 C.F.R. § 542.10 *et seq*. The Administrative Remedy Program applies to all inmates incarcerated in penal

institutions the BOP operates.  Id. § 542.10(b).  Under the applicable Regulations, an inmate must generally first seek to resolve an issue of concern informally by presenting the issue to correctional staff at the local facility ("BP-8").  Id. § 542.13(a).  If this does not resolve the matter, an inmate must submit a formal written administrative remedy request to the Warden ("BP-9") within 20 calendar days of the incident giving rise to the administrative remedy request.  Id. § 542.14(a).  If unsatisfied with the Warden's response, an inmate may appeal with the Regional Director ("BP-10") within 20 days of the Warden's response.  Id. § 542.15(a).  If dissatisfied with the Regional Director's response, an inmate may take a final appeal ("BP-11") to the BOP's Central Office, Office of General Counsel in Washington, D.C., within 30 days of when the Regional Director signed the response.  Id.  Appeal to the BOP's Central Office is the final step in the BOP's administrative remedy process.  Id.

An inmate must complete all the steps in the administrative remedies process to have exhausted his administrative remedies.  A submission at any of these levels can be rejected, with notice to the inmate why the submission was rejected and, if correctable, to allow the inmate a reasonable time for re-submission.  Id. § 542.17(b).  Additionally, if an inmate does not receive a response within the allotted time for response at any level, including any extensions, the inmate is to consider the lack of a response to be a denial at that level.  Id. § 542.18.  The BOP uses a system known as "SENTRY to log and track inmate [remedies requests] as they progress through the administrative remedy process."  Jackson v. Gabby, Case No. 3:23-cv-4674, 2024 WL 1515703, at *4 (N.D. Fla. Feb. 28, 2024).

### D.    Analysis of Hameen's Efforts at Exhaustion

Respondent contends that Hameen did not file any administrative remedies regarding the claims he raises before he filed his Petition.  Doc. 11 at 9.  Respondent notes Hameen's assertion

14

that he filed an informal request.  However, Respondent contends that, even if Hameen had submitted an informal request (BP-8) that was unsuccessful, he still was to file a BP-9, which he failed to do.  Id.

Hameen concedes he did not exhaust his administrative remedies.  Doc. 1 at 2–3.  Thus, the parties' contentions do no conflict and leave the Court with the only viable conclusion: Hameen did not exhaust his administrative remedies concerning the claims he raises in his Petition prior to filing the Petition.  In addition, Hameen has not shown that any of the three circumstances identified in McCarthy are present here.  Hameen has not shown that exhausting administrative remedies would cause "undue prejudice to subsequent assertion of a court action," that there is any doubt that the BOP "was empowered to grant effective relief," or that the BOP was "biased or has otherwise predetermined the issue before it."  McCarthy, 503 U.S. at 146–48. Moreover, Hameen has not shown any "extraordinary circumstances" that would support excusing the exhaustion requirement in this case.

Hameen also asserts that exhaustion of administrative remedies should be excused because the process was unavailable to him.  Doc. 14 at 3.  Hameen's argument is unconvincing. As noted above, exhaustion of administrative remedies must occur first in the agency setting to allow "the agency [to] develop the necessary factual background upon which decisions should be based" and to give "the agency a chance to discover and correct its own errors."  Green, 212 F. App'x at 871 (citation omitted).  Furthermore, requiring exhaustion in the prison setting "eliminate[s] unwarranted federal-court interference with the administration of prisons" and allows "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."  Woodford, 548 U.S. at 93.  Hameen's argument here is contrary to established law.  See Cox v. Warden FCI Oakdale, Docket No. 2:25-cv-0971, 2025

WL 3100088, at *1–2 (W.D. La. Oct. 7, 2025), adopted by, 2025 WL 3200077 (W.D. La. Nov. 14, 2025) (noting the BOP's administrative remedies requirement and dismissing petition regarding calculation of credits without prejudice because BOP should have opportunity to correct its own error and petitioner did not exhaust available remedies).  Hameen has not shown that exhausting administrative remedies would cause "undue prejudice to subsequent assertion of a court action," that there is any doubt that the BOP "was empowered to grant effective relief," or that BOP was "biased or has otherwise predetermined the issue before it."  McCarthy, 503 U.S. at 146–48.  Moreover, Hameen has not shown any "extraordinary circumstances" that would support excusing the exhaustion requirement in this case.  Further, there is no evidence before the Court that Hameen attempted to file formal administrative remedy requests regarding the claims he raises in his Petition.

Although Hameen characterizes his claims as being constitutional violations, see doc. 1 at 6–8, this is incorrect.  Hameen contends that the BOP has not properly calculated his credits and wants the BOP to "full[y] compl[y] with the FSA."  Id. at 8.  Thus, Hameen is merely asking the Court to require the BOP to comply with the relevant statutes.  Regardless of whether the BOP *will* provide Hameen with his requested relief, the reality is the BOP *can* do so.  Boz, 248 F.3d 1300.  Simply because Hameen is dissatisfied with the BOP's calculation, this dissatisfaction does not translate to any constitutional violation.  Additionally, Hameen's use of "due process" and "cruel and unusual punishment" sound in constitutional law, but he fails to present any factual or legal basis of any actual constitutional violations.

In support of his position on lack of exhaustion, Respondent submitted the Declaration of David Nogle, the Case Management Coordinator at FCI Jesup, who provides Hameen's SENTRY record printout, which indicates that Hameen did not submit any administrative

remedies for the grounds he raises in his Petition and that Hameen has filed six administrative remedy filings, with the latest being in October 2021. Doc. 11-1 at 3, 42–45. The Court notes that Hameen filled out a request to staff form (BP-8) on January 28, 2025, doc. 1 at 10, but there is nothing before the Court indicating that staff received this form or that, even if staff did receive this form, Hameen pursued his administrative remedies process any further than at this level when, as he contends, the Warden did not respond. In contrast, Respondent has sufficiently demonstrated that Hameen did not exhaust available administrative remedies for his claims. Thus, the Court should **GRANT** Respondent's Motion. The Court should dismiss without prejudice Hameen's claims as unexhausted. It is unnecessary to address the remaining grounds of Respondent's Motion. Holdago v. United States, Civil Action No.: 5:19-cv-9, 2019 WL 5681217, at *3 (S.D. Ga. Oct. 31, 2019) (finding it unnecessary to address alternative grounds in motion for dismissal where petitioner failed to exhaust his available administrative remedies), adopted by, 2019 WL 6353869 (S.D. Ga. Nov. 26, 2019).

### IV.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Hameen leave to appeal *in forma pauperis*. Though Hameen has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or

17

argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'"  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at \*1–2 (S.D. Ga. Feb. 9, 2009).

Given the above analysis of Hameen's Petition and Respondent's Motion to Dismiss and Hameen's Response, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** in forma pauperis status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT in part** and **DENY in part** Respondent's Motion to Dismiss, **DISMISS without prejudice** Hameen's SCA claims, **DISMISS without prejudice** Hameen's FSA claims based on his failure to exhaust his administrative remedies, and **DENY as moot** Hameen's Motion for Summary Judgment.  I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Hameen in forma pauperis status on appeal.  I **DENY** Hameen's Motion to Strike and his Motion for Hearing.  Docs. 15, 17.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't

Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 4th day of March, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA