# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

JAMAAL A. HAMEEN,

      Petitioner,

  v.

H.L. RAY,

      Respondent.

2:25-cv-38

## ORDER

The Magistrate Judge issued a Report and Recommendation that the Court to grant in part and deny in part Respondent's Motion to Dismiss, to dismiss without prejudice Petitioner Jamaal Hameen's ("Hameen") First Step Act ("FSA") claims, to dismiss as premature Hameen's Second Chance Act claims, and to deny Hameen's Motion for Summary Judgment.   Dkt. No. 33.   Hameen has filed Objections to the Report and Recommendation.[1]   Dkt. No. 34.

In his Objections, Hameen states that the requirement to exhaust administrative remedies should be waived where the "process would be plainly inadequate, especially with the issuance of the June 17th, 2025 memorandum" that established a new way to

---

[1]   Hameen does not object to the Magistrate Judge's conclusion that Hameen's claims under the Second Chance Act are premature.   The Court **CONCURS** with and **ADOPTS** the Magistrate Judge's reasoning on Hameen's Second Chance Act claims and does not address his portion of the Report and Recommendation further.

calculate and apply credits under the FSA and the Second Chance Act.  Id. at 1.  Hameen also states he "has made a due process claim and/or a constitution[al] challenge that would remain standing after the administrative rem[e]dies have been exhausted."  Id. at 2.  Notably, Hameen did not make this argument in response to Respondent's Motion to Dismiss or any time prior to filing his Objections.

Hameen's reliance on the June 17, 2025 memorandum as an excuse to the exhaustion requirement is misplaced.  Hameen signed his Petition on March 10, 2025, and it was docketed on March 12, 2025.  Dkt. No. 1 & at 9.  As the Magistrate Judge explains, Hameen asserts that he filed an informal administrative remedy request on November 18, 2024.  Dkt. No. 33 at 7 (citing Dkt. No. 14 at 2, Hameen's Response to the Motion to Dismiss).  When Hameen did not receive a response to his informal request, he filed his 28 U.S.C. § 2241 Petition because he found the lack of response to be a suggestion that "'administrative relief [is] unavailable.'"  Id. (quoting Dkt. No. 14 at 3).  However, Hameen concedes that he did not exhaust his administrative remedies prior to filing his Petition.

Hameen fails to demonstrate that the exhaustion requirement should be excused or waived.  Id. at 15-16.  Even if the June 17, 2025 memorandum could serve to excuse the exhaustion requirement generally, Hameen does not show how this memorandum serves to

excuse *his* lack of exhaustion before filing his Petition. To be clear, the memorandum was issued more than three months after Hameen filed his Petition and, therefore, cannot excuse the requirement that Hameen had to exhaust his administrative remedies before he filed his Petition in March 2025. Instead of pursuing the administrative remedies process, as he should have done once he did not get a response to his informal grievance, Hameen waited nearly three months without even beginning the formal remedies process and then filed suit. Hameen's Objection is unconvincing.

I also reject Hameen's Objection that he makes a due process or other constitutional challenge "would remain standing 'after' the administrative remedies have been exhausted." Dkt. No. 34. Hameen states this Objection in conclusory fashion, without any explanation or support. The Magistrate Judge considers, discusses and rejects Hameen's assertion that he is asserting constitutional violations. Dkt. No. 33 at 16. Hameen does not explain how or why the Magistrate Judge's treatment of this issue is erroneous. Hameen also fails to show why the BOP could not grant the relief he requests in the administrative remedies context. Having conducted an independent and de novo review, I agree with the Magistrate Judge's rejection of Hameen's claim that he makes a due process or other constitutional challenge "would remain standing 'after' the administrative remedies have been exhausted."

3

Thus, after an independent and de novo review of the entire record before the Magistrate Judge, the Court **OVERRULES** Hameen's Objections and **CONCURS WITH** and **ADOPTS** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of the Court.  I **GRANT in part** and **DENY in part** Respondent's Motion to Dismiss, **DISMISS without prejudice** Hameen's FSA claims based on his failure to exhaust administrative remedies, **DISMISS as premature** Hameen's Second Chance Act claim, and **DENY** Hameen's Motion for Summary Judgment.  Dkt. Nos. 1, 11, 21.  I **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Hameen leave to appeal *in forma pauperis*.

**SO ORDERED**, this 30 day of March, 2026.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4